**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ANTHONY VINCENT CARTMAN, | ) | |
| Petitioner, | ) | |
| v. | ) | No. 3:15-CV-3470-L |
| | ) | |
| HUNT COUNTY, | ) | |
| Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge are as follows:

I.

Petitioner is proceeding *pro se* and has filed this petition for writ of habeas corpus pursuant to28 U.S.C. § 2241.  He is currently in federal custody and seeks dismissal of state charges out of Hunt County, Texas, and removal of a detainer imposed by Hunt County.

On June 27, 2008, Petitioner was indicted in the 196th Judicial District Court, Hunt County, Texas for manufacture and/or possession with intent to deliver four hundred grams or more of cocaine, cause number 25,045.  On or about May 4, 2012, Hunt County placed a detainer on Petitioner.

On October 26, 2015, Petitioner filed the instant petition seeking dismissal of the charges and removal of the detainer arguing that the detainer violated the Interstate Agreement on Detainers Act.

On August 12, 2016, Respondent filed a response stating that on August 9, 2016, the State filed a motion to dismiss the charges against Petitioner, which the trial court granted.

(Resp. Ex. E.)  As a result of the dismissal of charges, the detainer was also lifted.  (Resp. Ex. E1.)  Petitioner has therefore received the relief sought in this petition, and the petition is now moot.

II.

For the foregoing reasons, the Court recommends that the petition for writ of habeas corpus be dismissed as moot.

Signed this 8th  day of November,  2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).